MOORE (NATIONAL EXCH. BANK v.). See Case No. 10,041.

## Case No. 9,771.

### MOORE v. NELSON et al.

[3 McLean, 383.] [1]

Circuit Court, D. Illinois. June Term, 1844.

DEEDS—ILLINOIS STATUTE—HOW EXECUTED OUT OF STATE—DEPOSITION—TAKEN BEFORE MAYOR.

1. Under the act of 1831, in Illinois, a deed will convey land in that state, if executed according to the law of the state where it is made.

2. A statute may make good the defective acknowledgment of deeds.

3. It operates as a rule of evidence, as regards the execution of the instrument.

4. A deposition before a mayor of a city, under the act of congress, is sufficiently certified, "as taken in pursuance of the act," though it be not stated that the witness was cautioned.

[This was an action of ejectment by Moore against Nelson & Ashworth.]

Mr. Butterfield, for plaintiff.
Logan & Baker, for defendants.

OPINION OF THE COURT. This is an ejectment to recover the possession of one hundred and sixty acres of land. Patent to Patrick Cain, dated 6th October, 1817; a deed from him to Patrick Benson, dated 17th May,

[1] [Reported by Hon. John McLean, Circuit Justice.]

1819. This deed was executed in New York. The eleventh section of the act of Illinois, of the 24th of January, 1831, provides that a deed made out of the state, "the acknowledgment thereof having been made in the manner hereinafter directed, before any judge or justice of the peace of the proper county, in which such deed may have been made and executed, and certified under the seal of such county by the proper officer, shall be valid," &c. The signature of one of the subscribing witnesses being proved, the other witness could not be found. Deed read in evidence, dated 22d January, 1840, from the widow and heirs of Benson to the plaintiff. A deposition under the act of congress to prove this deed, taken before the mayor, &c., was objected to, because the mayor does not certify the witness was cautioned in the words of the act. The certificate states "that the witness was sworn in pursuance of the act of congress, and carefully examined and sworn." As under the above act, depositions are taken without notice, great strictness has been required. Perhaps in some instances this may have been carried too far. For, if on examining the deposition, surprise can be alleged by the other party, the court in the exercise of their discretion, will give time to re-take the deposition. In this case we think the objection must be overruled. The certificate does not state the witness was cautioned, but it states "that he was sworn in pursuance of the act." This is sufficient. The defendant offered a deed from Patrick Cain, for the land in dispute, to Wordsworth, dated in 1818. This deed was acknowledged before a master in chancery. There is no evidence that the person who took the acknowledgment was a master in chancery, and the deed is objected to on that ground. The act of 1822, provides, "that all deeds, mortgages, &c., which shall have been, or may be hereafter, perfected and executed according and in conformity to the laws of the state or territory in which they may be respectively made, for lands lying within this state, shall be and are hereby declared to be valid, to all intents and purposes, good and available in law." By the second section of the same act, "all deeds which have been made and acknowledged as above, are made valid." This section operates as a rule of evidence. The act of 1822, on this subject, was repealed by an act of [January 21] 1827 [Rev. Laws Ill. p. 129]. The act of 1833 repeals all acts within its provisions, prescribing a different mode. The deed offered by defendant was not recorded under the act of 1822. But the only question in relation to this deed is, whether the acknowledgment is a sufficient proof of its execution, and is within the above statute. There is no proof that the person who took the acknowledgment was a master. A master is appointed by the state court, and if he be authorised to take an acknowledgment of a deed in New York, this court cannot be presumed to know that he is authorised to act

as master. On this ground, the deed offered by the defendant is overruled.

Verdict for the plaintiff.